IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| STEPHANIE M. CAMPBELL, | ) Case No. 2-06-03485-EWH |
| | ) **MEMORANDUM DECISION** |
| Debtor. | ) |

The issue to be decided is whether a trustee's sale ("Trustee's Sale") conducted by Capital Depot, LLC ("Capital"), the holder of a second position deed of trust ("Deed of Trust") on the Debtor's home ("Property"), was final prior to the time the Debtor filed her Chapter 13 petition at 9:09 a.m. on October 24, 2006. Capital has submitted a "Trustee's Sale Attendance Form" which indicates that a credit bid of $27,733.16 was "struck" at 9:00 a.m. on that date, but Capital recorded its trustee's deed after Debtor filed her petition.

In an effort to assert that the Trustee's Sale was not final, the Debtor claims that Capital violated Arizona law by providing the Debtor with inaccurate payoff figures and by violating the duty of good faith and fair dealing in pre-Trustee Sale workout negotiations with the Debtor. However, those allegations, even if true, would not effect whether the Trustee's Sale was final at 9:00 a.m. on October 24, 2006. At best, those allegations may provide a basis for setting aside the Trustee's Sale under applicable Arizona law. This court cannot, however, address those allegations, unless it has jurisdiction to do so. The court only has jurisdiction to do so if the Property was property of the estate when the

FILED
JAN 25 2007
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

petition was filed or the Debtor has the ability to avoid the Trustee's Sale under 11 U.S.C. § 544 of the Bankruptcy Code.

The only evidence proffered by the Debtor that the Trustee's Sale did not occur at 9:00 a.m. on October 24, 2006 was the affidavit of a third party who phoned the office of the trustee under the Deed of Trust after 9:00 a.m. on October 24th and was greeted by an answering machine message stating that the office was not open. That, by itself, is insufficient to prove the sale did not occur. There is no evidence that the Debtor presented herself at the office of the trustee at 9:00 a.m. and was denied entry. Lacking such evidence, the Debtor cannot demonstrate that the Trustee's Sale was not conducted at 9:00 a.m. on October 24, 2006 prior to the time the Debtor filed her petition.

Since The Trustee's Sale was conducted prior to the filing of the petition, the Property did not become property of the estate. The Property could nevertheless become property of the estate if the Debtor could avoid the Trustee's Sale under 11 U.S.C. § 544(a)(3). In order to prevail under § 544(a)(3), the Debtor must be able to demonstrate that a bona fide purchaser of the Property, as of the commencement of the case, would prevail against Capital under its unrecorded trustee's deed. However, recording of the trustee's deed was not necessary for Capital to complete the sale. Under A.R. S. § 33-810(a), the "subsequent execution, delivery and recordation of the trustee's deed ... are ministerial acts." As Judge Haines noted in In re Steiner, 251 B.R. 137, 141-42, the effect of § 33-810(a) is to make a sale complete upon payment of the bid price. In this case, unlike Steiner where the property was sold to a third party purchaser, there was no bid price to pay – once the credit bid was accepted the sale was complete. As a result, the sale was final and unavoidable under 11 U.S.C. § 544.

2

Accordingly, this court has no jurisdiction over the Debtor's Property or Debtor's allegations that Capital violated state law in enforcing the Deed of Trust. A separate Order will be entered this date consistent with this Memorandum Decision and granting Capital complete relief from the automatic stay to pursue its state law remedies to obtain possession of the Property.

DATED: January 25, 2007

HONORABLE EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Copy of the foregoing mailed this
25th day of January, 2007, to :

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

Russell A. Brown
Chapter 13 Trustee
P.O. Box 33970
Phoenix, AZ 85067-3970

Stephanie M. Campbell
4937 East McLellan Road
Mesa, AZ 85205
Debtor

David T. Bonfiglio, Esq.
David T. Bonfiglio, P.C.
4422 North Civic Center Plaza, Suite 101
Scottsdale, AZ 85251
Attorney for Capital Depot, LLC d/b/a Network Funding

By_____
Judicial Assistant

3